978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Curtis FRYE, Petitioner-Appellant,
v.
Kenneth ROMMELL, Warden, Respondent-Appellee.
 No. 92-2019.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant John Curtis Frye appeals from the district court's denial of habeas relief, 28 U.S.C. § 2254, from his New Mexico convictions on three counts of unlawfully obtaining a controlled substance, in violation of N.M.Stat.Ann. § 30-31-25 (Michie 1978).[1] On appeal, petitioner asserts two grounds for habeas relief: 1) these convictions violated petitioner's right to due process because they were not supported by sufficient evidence; and 2) the jury instructions denied petitioner his rights to due process and a fair trial. Upon consideration of the record and the parties' arguments on appeal, we affirm the denial of habeas relief.
 
 
 2
 Petitioner was charged with three counts of violating, in the alternative, N.M.Stat.Ann. § 30-31-25(A)(3) or (A)(4). These charges stemmed from allegations that petitioner, on three separate occasions, purchased nonprescription cough medicine using a false name. Section 30-31-25(A)(3) states that "[i]t is unlawful ... to intentionally acquire or obtain, or attempt to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge," while section 30-31-25(A)(4) provides that "[i]t is unlawful ... to intentionally furnish false or fraudulent material information in, or omit any material information from, any application, report or other document required to be kept or filed under the Controlled Substances Act, or any record required to be kept by that act." The state trial court submitted these alternative charges to the jury, which returned guilty verdicts on all three counts.
 
 
 3
 We first address petitioner's convictions under section 30-31-25(A)(4). Petitioner does not assert that the form and substance of the jury instructions were erroneous as they pertained to charges of violating subsection (A)(4). Rather, petitioner asserts that there was insufficient evidence to sustain his convictions under that subsection and, therefore, the trial court erred in instructing the jury to consider these charges.
 
 
 4
 To be entitled to federal habeas relief based upon the insufficiency of the evidence, petitioner must establish that, viewing the record in the light most favorable to the prosecution, no rational trier of fact could have found him guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979). This issue ultimately presents a question of law, Tapia v. Tansy, 926 F.2d 1554, 1562 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991), which this court reviews de novo. "We do not sit as a new trier of fact," however; we will presume that the jury's findings as to the credibility of each witness are correct. Id.
 
 
 5
 The record contains evidence establishing that a New Mexico Board of Pharmacy (Board) regulation requires pharmacists to keep a log book with the signatures and addresses of people purchasing medications which, while not requiring a prescription, are Schedule V controlled substances, see generally N.M.Stat.Ann. § 30-31-10 (Michie 1978). The Controlled Substances Act authorized the Board to promulgate that regulation. See generally N.M.Stat.Ann. § 30-31-11 (Michie 1978). Petitioner, in purchasing a codeine-based cough medicine which was a Schedule V controlled substance, signed the pharmacies' log books, on three separate occasions, using a false name.
 
 
 6
 Petitioner specifically argues that this evidence was insufficient to support his conviction under subsection (A)(4) because there was no evidence establishing that the Board's regulations requiring the log book to be kept and defining the cough medicine as a Schedule V controlled substance had been filed with the state records center, in compliance with state law. The Board's chief inspector testified, however, that the Board's regulations had been filed in 1972. In addition, the undisputed testimony of the two pharmacists who sold petitioner the cough medicine, as well as that of the chief inspector, established that the Board's regulations did in fact require each pharmacy to keep a log book. Further, the two pharmacists, both of whom petitioner had stipulated were expert witnesses, testified that the cough medicine they sold petitioner was a Schedule V controlled substance due to the amount of codeine it contained. This uncontradicted testimony was sufficient to enable a rational trier of fact to conclude that the log books signed by petitioner were documents required to be kept under the Controlled Substances Act and that the cough medicine sold to petitioner was a Schedule V controlled substance.
 
 
 7
 Petitioner additionally argues that the evidence was still insufficient to support his convictions under section 30-31-25(A)(4) because the Board's regulations were not admitted into evidence. In light of the uncontradicted testimony establishing the existence and content of those regulations, the regulations themselves would only have amounted to cumulative evidence.
 
 
 8
 Petitioner next argues that there was no evidence to establish that the pharmacists relied upon petitioner's use of false names to sell him a Schedule V controlled substance. Both pharmacists who sold petitioner the cough medicine testified that they would have sold him the medicine, regardless of the name he signed into the log book, so long as he signed the book. Neither pharmacist required petitioner to produce identification to verify his signature.
 
 
 9
 The first pharmacist testified that she sold petitioner cough medicine on two separate occasions. After the second sale, she reviewed the entries made in her log book and discovered that petitioner had signed two different names. Petitioner then attempted to purchase cough medicine from this same pharmacist on a third occasion, but the pharmacist refused to make the sale in light of the discrepancy in the names petitioner had used. This evidence is sufficient for a rational trier of fact to conclude that this pharmacist did rely upon the false signatures to make these two sales.
 
 
 10
 The second pharmacist testified that the log book was intended, in part, to allow the pharmacist to determine whether a person purchasing codeine-based cough medicine had made a similar purchase within forty-eight hours. If so, the pharmacist would have to refuse to sell that person the additional cough medicine. This evidence is also sufficient for a rational trier of fact to conclude that the pharmacist did rely upon the accuracy of the signatures in the log book to make a sale of cough medicine.
 
 
 11
 The record, therefore, contains sufficient evidence upon which a rational trier of fact could have found petitioner guilty beyond a reasonable doubt of intentionally furnishing false material information in a record required to be kept under the Controlled Substances Act. The trial court, thus, made no constitutional error when it submitted these charges, under subsection (A)(4), for the jury's consideration. In light of this, we need not address petitioner's arguments challenging his convictions under the alternative section 30-31-25(A)(3). See Griffin v. United States, 112 S.Ct. 466 (1991).
 
 
 12
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner's motion for the issuance of a certificate of probable cause is granted. See 28 U.S.C. § 2253